IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KNOLLY EDWARDS,

      Plaintiff,

v.                             CASE NO. 5:10-cv-286-SPM-GRJ

FEDERAL BUREAU OF PRISONS,
FEDERAL PRISON INDUSTRIES,
and VARIOUS UNKNOWN FEDERAL
OFFICERS,

      Defendants.

_____/

## ORDER

      Plaintiff, an inmate serving a sentence in the custody of the United States
Bureau of Prisons, initiated this case by filing a *pro se* complaint in the Middle District of
Florida on the Middle District of Florida's civil rights complaint form for prisoners in
actions under 28 U.S.C. § 1331 or § 1346.  (Doc. 1.)  This case was transferred to this
Court on November 3, 2010. (Doc. 4.)  Plaintiff has been given the opportunity to
amend his complaint and is currently operating pursuant to an Amended Complaint.
(Doc. 10.)  Despite Plaintiff's amendment of his complaint, however, the Court must still
complete an initial screening of Plaintiff's Amended Complaint pursuant to 28 U.S.C. §
1915A.

      In his Amended Complaint, Plaintiff attempts to bring claims for damages for
violations of his Eighth Amendment and First Amendment rights against the United
States Bureau of Prisons (the "BOP") and two other Defendants. "It is elementary that
'[t]he United States, as sovereign, is immune from suit save as it consents to be sued . .

., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980)(quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). Such a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." United States v. King, 395 U.S. 1, 4 (1969). The Federal Tort Claims Act ("FTCA") creates a limited waiver of that sovereign immunity by providing that the United States shall be liable for certain torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. FTCA claims can only be made against the United States. Simpson v. Holder, 184 Fed. Appx. 904, 908 (11th Cir. 2006)(per curiam)("The United States is the only proper defendant in an FTCA action.").

The BOP is a federal agency and, as such, enjoys the same sovereign immunity protection as the United States. See, e.g., Horne v. Social Sec. Admin, 359 Fed. Appx. 138, 143 (11th Cir. 2010)(per curiam)("The United States government may not be sued without its consent, and this immunity extends to federal government agencies."). Accordingly, Plaintiff cannot bring suit against the BOP for violations of his Eighth Amendment or First Amendment rights because those are not tort claims covered by the FTCA's limited waiver of sovereign immunity. Those claims for damages are therefore barred by sovereign immunity.

The Court will give Plaintiff an opportunity to amend his Amended Complaint to delete the BOP as a Defendant to this action. To amend his complaint, Plaintiff must fill out the civil rights complaint form, marking it "Second Amended Complaint." Plaintiff is advised that the second amended complaint must contain all of Plaintiff's factual allegations set forth in separately numbered paragraphs and should not in any way

refer to the original complaint or the Amended Complaint.

Accordingly, it is **ORDERED** that:

(1)     The Clerk shall send Plaintiff a blank civil rights complaint form for

prisoners in actions under 28 U.S.C. § 1331 or § 1346.

(2)     Plaintiff shall fully complete the complaint form.  In amending his

Amended Complaint, Plaintiff shall not refer back to the Amended

Complaint or incorporate any part of the Amended Complaint by

reference.  Plaintiff shall file the second amended complaint, together with

an identical copy of the second amended complaint for each Defendant,

on or before **September 23, 2011**.

(3)     Failure to comply with this order within the allotted time, or to show cause

why Plaintiff is unable to comply, will result in a recommendation to the

district judge that the case be dismissed without further notice for failure to

prosecute or for failure to state a claim.

**DONE AND ORDERED** this 7th day of September 2011.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge