IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


KNOLLY EDWARDS,

    Plaintiff,

v.                                 CASE NO. 5:10cv286-RH/GRJ

FEDERAL BUREAU OF PRISONS
et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

The plaintiff Knolly Edwards was an inmate at the Federal Correctional Institution in Marianna, Florida. In the second amended complaint, Mr. Edwards alleges that he was assigned to work disassembling computers, that this caused exposure to substantial amounts of lead and cadmium, that he was not provided protective equipment, and that this constituted cruel and unusual punishment. Mr. Edwards also asserts that he was denied access to outside medical providers in order to hide the mistreatment and that he was transferred to a different institution in retaliation for complaining.

The second amended complaint names as defendants Federal Prison Industries and "Unknown Federal Officers," identified only as the "factory foremen/managers." ECF No. 18 at 2. Earlier complaints also named the Bureau of Prisons. Federal Prison Industries and the Bureau of Prisons are, in effect, the United States.

The United States has moved to dismiss or alternatively for summary judgment. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 30, and the objections, ECF No. 31. I have reviewed *de novo* the issues raised by the objections. The report and recommendation concludes that the second amended complaint should be dismissed in its entirety. This order accepts the report and recommendation in part.

Mr. Edwards failed to exhaust administrative remedies for his claim of inadequate medical care. And he has not adequately alleged facts sufficient to state a claim for inadequate medical care. A prisoner has no right to be treated outside an institution rather than within, and differences of opinion on the proper treatment do not alone create an actionable claim. The report and recommendation collects the authorities establishing these principles. The medical-care claim fails against all defendants.

Mr. Edwards also has failed to exhaust administrative remedies for his retaliatory-transfer claim. Moreover, the evidence is uncontradicted that Mr.

Edwards asked to be transferred; the transfer was not retaliatory. ECF No. 25-3 at 2. The retaliatory-transfer claim fails against all defendants.

Mr. Edwards's claim for injuries from excessive exposure to lead and cadmium on the job fails against the United States —that is, against Federal Prison Industries or the Bureau of Prisons—because the Inmate Accident Compensation Act provides a prisoner's exclusive remedy against the United States for injuries on the job. *See United States v. Demko*, 385 U.S. 149, 152-54 (1966). Mr. Edwards has not attempted to assert an IACA claim.

That leaves for consideration only Mr. Edwards's claim against the unknown individual defendants for exposing Mr. Edwards to excessive levels of lead and cadmium . The better view is that the IACA does not bar an inmate's constitutional claim against an individual defendant under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Smith v. United States*, 561 F.3d 1090 (10th Cir. 2009) (holding a *Bivens* action not barred by the IACA); *Bagola v. Kindt*, 131 F.3d 632 (7th Cir. 1997) (same). Deliberately exposing an inmate to harmful substances can constitute cruel and unusual punishment in violation of the Eighth Amendment. *See Powell v. Lennon*, 914 F.2d 1459 (11th Cir. 1990) (holding that a prisoner who alleged exposure to asbestos in the dormitory adequately stated an Eighth Amendment claim under *Bivens*).

The second amended complaint is not a model for alleging such a claim. But it is sufficient. Mr. Edwards will have to show deliberate indifference, a high standard. *See*, *e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). To demonstrate deliberate indifference, a plaintiff must prove "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir. 2005) (alteration in original) (citation omitted). But it cannot be said on this record that Mr. Edwards will be unable to make such a showing.

For these reasons,

IT IS ORDERED:

1. The report and recommendation, ECF No. 30, is accepted in part.

2. The motion to dismiss or for summary judgment, ECF No. 24, is granted in part.

3. All claims against the Bureau of Prisons and Federal Prison Industries are dismissed with prejudice.

4. The medical-care claim against the individual defendants is dismissed with prejudice.

5. The retaliatory-transfer claim against the individual defendants is dismissed with prejudice.

6. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

7. The exposure-to-lead-and-cadmium *Bivens* claim against the individual defendants remains pending.

8. By March 22, 2013, the Bureau of Prisons must file a notice setting out the name of each factory foreperson and manager under whom Mr. Edwards was exposed to lead or cadmium as alleged in the second amended complaint. By April 5, 2013, Mr. Edwards must file a notice identifying the unknown defendants against whom he will proceed.

9. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on February 27, 2013.

s/Robert L. Hinkle<br>United States District Judge