IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KNOLLY EDWARDS,

     Plaintiff,

v.                                  CASE NO. 5:10-cv-286-RH-GRJ

DREW SHORT, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

The case is presently before the Court on Doc. 55, Defendant, Jimmy Sims',

Motion for Summary Judgment.  Plaintiff was advised of the consequences of the

motion, Doc. 56, but failed to file a response, and the time in which to do so has

passed.  This matter is, therefore, ripe for review.  For the following reasons, the motion

for summary judgment is due to be granted and judgment should be entered in favor of

Defendant Jimmy Sims.

## I.  BACKGROUND

Plaintiff is proceeding pursuant to his Second Amended Complaint.  (Doc. 18.)

In his complaint, Plaintiff alleges that during his incarceration, he was employed by

Federal Prison Industries ("FPI") at the Federal Correctional Institution in Marianna,

Florida ("FCI Marianna.")  His position with FPI involved breaking-down, disassembling,

and salvaging parts from computers, televisions, and other electronic items.  Plaintiff

alleges that during his employment, he was exposed to thick clouds of dust that

contained high levels of lead and cadmium.  He alleges that he was not provided with

any protective equipment to shield him from exposure to this dust, and that while he

complained of exposure to the dust, he was led to believe that the dust was safe.

Plaintiff alleges that workers who complained about exposure to the dust were fired or

transferred to other penal institutions, and that he was transferred to the Federal

Correctional Complex in Coleman, Florida ("FCC Coleman.")

According to Plaintiff, after being apprised of worker complaints, Federal Bureau

of Prisons' Director Harley Lappin in April 2006 requested the Office of the Inspector

General to conduct a review of the FPI's electronics recycling program. The

Occupational Safety and Health Administration ("OSHA"), the Federal Occupational

Health Service ("FOH,") and the National Institute for Occupational Safety and Health

("NIOSH") conducted this investigation. NIOSH released a preliminary report in July

2008 confirming that glass breaking occurred in the recycling program without the use

of respiratory protection.  Plaintiff alleges that during his employment with FPI, there

was no "sawdust collection system" nor "glass breaking room" that would have

minimized his exposure to heavy metal dust.

Plaintiff contends that he first learned about the effects of being exposed to

heavy metal dust in October 2008, when the Office of the Inspector General released a

report on the elements to which he was exposed.  Plaintiff alleges that in 2009, he

began experiencing digestive problems, acute respiratory symptoms, short-term

memory loss, muscle pain, headaches, problems urinating, and abnormal skin lesions.

He alleges that when he sought medical treatment, he was advised that his health

problems were the result of his previous employment at FPI.  He alleges that

immediately upon receiving this information, he began making administrative

complaints within the Federal Bureau of Prisons system.

Plaintiff's second amended complaint enumerated four claims for relief.[1] Plaintiff's only remaining claim, however, is his Eight Amendment claim under *Bivens* against six FCI Marianna employees (including Defendant Sims), who Plaintiff alleges exposed him to unsafe, hazardous, and dangerous working conditions.

## II.  DEFENDANT JIMMY SIMS' MOTION FOR SUMMARY JUDGMENT

Defendant Jimmy Sims requests summary judgment in his favor because he did not know about any health related issues at FPI until after he retired in April 2008. According to Defendant Sims, the first time he learned of any health related issues was after he was "told about the report that was issued by the Office of the Inspector General in late 2008." (Doc. 55, Ex. 1.)  Because Defendant Sims did not know of any health-related issues until after his retirement, he contends that Plaintiff cannot demonstrate that Defendant Sims was deliberately indifferent to a known danger to Plaintiff.

Defendant Sims avers that his primary responsibility at FPI was to provide security while monitoring the activities of all of the inmates and employees assigned to work in his area. Notably, Defendant Sims avers that he never observed any inmates, including Plaintiff, break open cathode ray tubes for the purpose of recycling the electronic contents contained inside the glass. Any breakage of the cathode ray tubes occurred accidentally. According to Defendant Sims, the glass breaking activities

---

[1] Plaintiff's claims for inadequate medical care and retaliatory transfer were dismissed. (Doc. 32.) Plaintiff's claim for injuries resulting from excessive exposure to lead and cadium against the United States was dismissed because the Inmate Accident Compensation Act provides a prisoner's exclusive remedy against the United States for injuries on the job. *Id.*

alleged by Plaintiff occurred at the women's facility, which was outside Defendant Sims' area of control. Lastly, Defendant Sims notes that he was physically present in the same area to which Plaintiff was assigned, meaning that he was exposed to the same substances as Plaintiff.

## III.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56(c), the entry of summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In applying this standard, the Court must examine the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits and other evidence in the record "in the light most favorable to the nonmoving party."  *Samples on Behalf of Samples v. Atlanta,* 846 F. 2d 1328, 1330 (11th Cir. 1988.)  As the Supreme Court held in *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), the moving party bears the initial burden of establishing the nonexistence of a triable issue of fact.  If the movant is successful on this score, the burden of production shifts to the non-moving party who must then come forward with "sufficient evidence of every element that he or she must prove."  *Rollins v. Techsouth*, 833 F.2d 1525, 1528 (11th Cir. 1987.)  The non-moving party may not simply rest on the pleadings, but must use affidavits, depositions, answers to interrogatories, or other admissible evidence to demonstrate that a material fact issue remains to be tried.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Castleberry v. Goldome Credit Corp.*, 408 F.3d 773, 785-86 (11th Cir. 2005.)

In civil actions filed by inmates, federal courts "must distinguish between evidence of disputed facts and disputed matters of professional judgment.  In respect to

the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgement stage." *Beard v. Banks, 548 U.S. 521, 530 (2006)*.  Conclusory allegations based on subjective beliefs are insufficient to create a genuine issue of material fact.  *See, e.g., Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001.)

## IV. DISCUSSION

Plaintiff's only remaining claim is his *Bivens* claim against six prison employees alleging that his exposure to toxic heavy metal dust, while he was employed at FPI, violated his Eighth Amendment rights.  This motion for summary judgment concerns his claim against Jimmy Sims, who was employed as a correctional officer at FCI Marianna from 2003 until he retired in April 2008.

According to Plaintiff, prison officials were deliberately indifferent to his safety when they subjected him to an unsafe working environment.  "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) conduct that is more than mere negligence." *Richardson v. Johnson*, 598 F. 3d 734, 737 (11th Cir. 2010) (quoting *Farrow v. West,* 320 F. 3d 1235, 1245 (11th Cir.2003)).

In the workplace safety context, "prison officials are deliberately indifferent when they 'knowingly compel convicts to perform physical labor which is beyond their strength, or which constitutes a danger to their lives or health, or which is unduly painful.'  *Smalls v Berrios*, No. 3:06cv96/LAC/MD, 2007 WL 1827465, at *7 (citing *Ray v. Mabry,* 556 F. 2d 881, 882 (8th Cir.1977); *Morgan v. Morgensen,* 465 F. 3d

1041,1045 (9th Cir. 2006); *Jackson v. Caine,* 864 F. 2d 1235, 1246 (5th Cir.1989); and

*Franklin v. Kansas Dep't of Corrections,* 160 F. App'x 730, 736 (10th Cir. 2005)).

"Courts have recognized that the mere failure to provide proper instructions or safety

devices for use on prison work details does not constitute deliberate indifference."

*Smalls*, 2007 WL 1827465, at *7.  Rather, such claims sound in negligence.  Conduct

sufficient to rise to the level of deliberate indifference occurs "when a prison official

knowingly compels a prisoner to perform work that involves an imminent threat of

serious physical harm posing a danger to the prisoner's life or health."  *Id.* at *8.

 In this case, Plaintiff cannot demonstrate that Defendant Sims was deliberately

indifferent because it is uncontroverted on this record that Defendant Sims did not have

subjective knowledge before he retired that there may be a risk of serious harm at FPI

from toxic dust.

  Sims affirmatively avers in his affidavit that he was not aware of any health

related risk of harm concerning the recycling activities at FCI Marianna until the

Inspector General's Report was released in late 2008. Notably, when the report was

released Defendant Sims already had retired from his position at FCI Marianna.

Additionally, Sims avers that during the time period he was assigned to supervise

inmates at FPI he was never apprised of any complaints by inmates about toxic dust,

including Plaintiff, and during that period of time he never observed Plaintiff, or any

other inmates, break open cathode ray tubes for the purpose of recycling electronic

contents inside the glass. (Doc. 55, Sims' *Aff*. ¶¶ 5, 8.)

 Moreover, Defendant Sims' sworn statement that he never learned of any

potential health issues relating to the toxic dust at FPI until after he retired, is consistent

with Plaintiff's allegation in his Second Amended Complaint. Plaintiff affirmatively alleges in his complaint that he did not learn about the toxic exposure until October 2008, when the Inspector General's Report was released (Doc. 18, ¶19) and it was not until 2009 that he first began experiencing health problems (*Id. ¶20*) – a period of time almost one year after Defendant Sims had retired from the Bureau of Prisons.

Accordingly, for these reasons, Plaintiff cannot satisfy the first prong of a claim for deliberate indifference because there is no evidence that Defendant Sims had subjective knowledge of a risk of serious harm from toxic dust before he retired.  It follows that because Defendant Sims did hot have any knowledge that there was a risk of serious harm to Plaintiff caused by toxic dust while Plaintiff was working in the FPI facilities, Plaintiff cannot demonstrate that Defendant Sims was deliberatively indifferent to a known risk.

Despite having been given an opportunity to controvert Defendant Sims's sworn affidavit, Plaintiff has failed to do so. Accordingly, Plaintiff cannot prevail on his Eighth Amendment claim against Defendant Sims and, therefore, Defendant Sims' motion for summary judgment should be granted.

## V.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant Jimmy Sims' Motion for Summary Judgment (Doc. 55) should be **GRANTED**. And because there is no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, a final judgment should be entered in favor of Defendant Jimmy

Sims.

**IN CHAMBERS**, at Gainesville, Florida,  this 14th day of April 2014.


*s / Gary R. Jones*
GARY R. JONES
United States Magistrate Judge


### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.