IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KNOLLY EDWARDS,

    Plaintiff,

v.                                      CASE NO. 5:10cv286-RH/GRJ

DREW SHORT et al.,

    Defendants.

_____/

ORDER GRANTING SUMMARY JUDGMENT
FOR THE DEFENDANT SIMS

    The plaintiff Knolly Edwards was an inmate at the Federal Correctional Institution in Marianna, Florida. Mr. Edwards alleges that he was assigned to work disassembling computers, that this caused exposure to dust that included substantial amounts of lead and cadmium, that he was not provided protective equipment, and that this constituted cruel and unusual punishment. The defendants include six individuals who worked at the institution. One, Jimmy Sims, has moved for summary judgment.

The motion is before the court on the magistrate judge's report and recommendation, ECF No. 58, and the objections, ECF No. 59. I have reviewed de novo the issues raised by the objections.

As the report and recommendation correctly concludes, the record establishes without dispute that Mr. Sims did not know that Mr. Edwards or any other inmate was being exposed to toxic substances. Indeed, Mr. Sims did not know of the specific activities that allegedly led to the release of—and thus the exposure to—the substances.

In the objections, Mr. Sims says summary judgment is premature because discovery that he has not yet pursued might turn up different facts. The contention is unfounded. Federal Rule of Civil Procedure 56 allows a defendant—and even a plaintiff—to move for summary judgment at any time after the complaint is filed. The popular myth that summary judgment should await the conclusion of all discovery is just that—a myth. No rule requires cases to take longer or cost more than necessary to reach a correct result. Quite the contrary, "federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168-69 (1993).

And the contention that it is not yet time for summary judgment is especially unavailing here. This case has been pending for more than three-and-a-half years.

When, as here, the record evidence clearly establishes that a party is entitled to prevail, and nothing other than unsupported speculation suggests that further discovery might turn up unspecified evidence to the contrary, a court may properly enter summary judgment.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The report and recommendation is ACCEPTED and adopted as the court's further opinion. Mr. Sims's summary-judgment motion, ECF No. 55, is GRANTED. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

SO ORDERED on May 9, 2014.

                                  s/Robert L. Hinkle
                                  United States District Judge